1  RONALD J. TENPAS
   Assistant Attorney General
2  RACHEL A. DOUGAN (DC Bar 485507)
   S. JAY GOVINDAN
3  Trial Attorneys
   Environment and Natural Resources Division
4  United States Department of Justice
   Benjamin Franklin Station, P.O. Box 663
5  Washington, D.C.  20044-0663
   Telephone: (202) 616-5082
6  Facsimile: (202) 305-0506
   Rachel.Dougan@usdoj.gov
7  Jay.Govindan@usdoj.gov

8  Attorneys for Federal Defendants

9                **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE NORTHERN DISTRICT OF CALIFORNIA**
10                     **OAKLAND DIVISION**

11  DEFENDERS OF WILDLIFE, SIERRA CLUB,              )
    THE WILDERNESS SOCIETY, and                      )   Case No. 08-cv-2326-CW
12  VERMONT NATURAL RESOURCES COUNCIL,               )
                                                     )
13       Plaintiffs,                                 )   **DEFENDANTS' ANSWER**
                                                     )   **TO PLAINTIFFS' FIRST**
14       v.                                          )   **AMENDED COMPLAINT**
                                                     )   **FOR DECLARATORY**
15  ED SCHAFER, Secretary, U.S. Department of        )   **AND INJUNCTIVE**
    Agriculture, in his official capacity; GAIL KIMBELL, )   **RELIEF**
16  Chief, U.S. Forest Service, in her official capacity; and )
    U.S. FOREST SERVICE,                             )
17                                                   )
         Defendants.                                 )
18  _____ )

19

20

21

22

23

24

25

26

27

Case No. 08-cv-2326-CW
Defs.' Ans. to Pls.' Am. Compl.

1    Defendants, through undersigned counsel, hereby answer the claims and allegations set

2    forth in Plaintiffs' First Amended Complaint for Declaratory and Injunctive Relief

3    ("Complaint") dated June 26, 2008.

4    The numbered paragraphs of this Answer correspond to the numbered paragraphs of

5    Plaintiffs' Complaint.

6                                    **INTRODUCTION**

7    1.  The allegations set forth in Paragraph 1 contain Plaintiffs' argumentative

8    characterizations of their case, which are inconsistent with Federal Rule of Civil Procedure 8,

9    and contain conclusions of law to which no response is required.  Defendants admit that USDA

10   promulgated new forest planning regulations on April 21, 2008.  To the extent that a response is

11   required and except as expressly admitted, Defendants deny the allegations set forth in Paragraph

12   1.

13   2.  In response to the allegations set forth in the first sentence of Paragraph 2, Defendants

14   admit that regulations implementing the National Forest Management Act ("NFMA") were

15   promulgated in 1982.  The remaining allegations set forth in Paragraph 2 contain Plaintiffs'

16   conclusions of law to which no response is required.

17   3.  The allegations set forth in Paragraph 3 contain Plaintiffs' argumentative

18   characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

19   contain conclusions of law to which no response is required.   To the extent that a response is

20   required, Defendants deny the allegations set forth in Paragraph 3.

21   4.   Defendants deny the allegations set forth in the first and second sentences of

22   Paragraph 4, except to admit that on January 5, 2005, the United States Department of

23   Agriculture ("USDA") published a final rule with new forest planning regulations.  Defendants

24   admit that new forest planning regulations were promulgated in November 2000.  The remaining

25   allegations set forth in the third sentence of Paragraph 4 contain conclusions of law to which no

26   response is required.  Defendants deny the allegations set forth in the fourth sentence of

27

1    Paragraph 4. Defendants aver that responsible officials used the transition provisions of the

2    2000 NFMA regulations to elect to continue or to initiate plan amendments and plan revisions

3    using the procedures of the 1982 regulations. Defendants admit the allegations set forth in the

4    fifth and sixth sentences of Paragraph 4. The allegations set forth in the seventh sentence of

5    Paragraph 4 contain Plaintiffs' characterization of the opinion in <u>Citizens for Better Forestry v.</u>

6    <u>USDA</u>, 481 F. Supp. 2d 1059 (N.D. Cal. 2007), which speaks for itself and is the best evidence

7    of its contents.

8        5. The allegations set forth in the first and second sentences of Paragraph 5 contain

9    Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal Rule of

10   Civil Procedure 8, and contain conclusions of law to which no response is required. To the

11   extent that a response is required, Defendants deny the allegations set forth in the first and

12   second sentences of Paragraph 5 and admit the allegations set forth in the third sentence of

13   Paragraph 5.

14       6. The allegations set forth in Paragraph 6 contain Plaintiffs' argumentative

15   characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

16   contain conclusions of law to which no response is required. To the extent that a response is

17   required, Defendants deny the allegations set forth in Paragraph 6.

18       7. The allegations set forth in Paragraph 7 contain conclusions of law, to which no

19   response is required. To the extent a response is required, Defendants deny the allegations set

20   forth in Paragraph 7.

21       8. The allegations set forth in Paragraph 8 contain Plaintiffs' characterization of their

22   case, to which no response is required.

23                    **JURISDICTION, VENUE, AND INTRADISTRICT ASSIGNMENT**

24       9. The allegations set forth in the first sentence of Paragraph 9 contain Plaintiffs'

25   characterization of their case, to which no response is required. The allegations set forth in the

26   second and third sentences of Paragraph 9 contain conclusions of law to which no response is

27

1    required. To the extent a response is required, Defendants deny the allegations set forth in the

2    second and third sentences of Paragraph 9. Defendants deny that this Court has jurisdiction over

3    this case.

4         10. In response to the allegations in the first sentence of Paragraph 10, Defendants admit

5    that Plaintiffs sent a letter dated April 25, 2008. The letter speaks for itself and is the best

6    evidence of its contents. Any allegations contrary to the letter's plain language, meaning, and

7    context are denied. The remaining allegations in the first sentence of Paragraph 10 contain

8    conclusions of law to which no response is required. Defendants admit the allegations in the

9    second and third sentences of Paragraph 10. Defendants deny the allegations in the fourth

10   sentence of Paragraph 10.

11        11. The allegations set forth in the first sentence of Paragraph 11 contain conclusions of

12   law, to which no response is required. Defendants admit the allegations set forth in the second

13   sentence of Paragraph 11.

14        12. In response to the allegations set forth in Paragraph 12, Defendants admit that there

15   are National Forest System lands in the counties of Del Norte, Humboldt, and Mendocino. The

16   remaining allegations set forth in Paragraph 12 contain conclusions of law, to which no response

17   is required.

18                                          **PARTIES**

19        13. Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations set forth in Paragraph 13.

21        14. Defendants are without knowledge or information sufficient to form a belief as to the

22   truth of the allegations set forth in Paragraph 14.

23        15. Defendants are without knowledge or information sufficient to form a belief as to the

24   truth of the allegations set forth in Paragraph 15.

25        16. Defendants are without knowledge or information sufficient to form a belief as to the

26   truth of the allegations set forth in Paragraph 16.

27

17. In response to the allegations set forth in the first sentence of Paragraph 17, Defendants admit that the Plaintiff organizations submitted comments during the public comment period held for the Draft Environmental Impact Statement for National Forest System Land Management Planning (August 2007) ("DEIS"). The remaining allegations set forth in the first sentence of Paragraph 17 contain Plaintiffs' characterizations of the DEIS comments, which speak for themselves and are the best evidence of their contents. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the second sentence of Paragraph 17.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 18. The allegations set forth in the remaining sentences of Paragraph 18 contain Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and contain conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the remaining allegations of Paragraph 18.

19. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of Paragraph 19. The allegations set forth in the second and third sentences of Paragraph 19 contain Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and contain conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations set forth in the second and third sentences of Paragraph 19.

20. The allegations set forth in Paragraph 20 contain Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and contain conclusions of law to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in Paragraph 20. Defendants deny that Plaintiffs have standing to bring this case.

1    21. The allegations set forth in Paragraph 21 contain Plaintiffs' argumentative

2    characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

3    contain conclusions of law to which no response is required. To the extent a response is

4    required, Defendants deny the allegations set forth in Paragraph 21. Defendants deny that

5    Plaintiffs have standing to bring this case.

6    22. The allegations set forth in Paragraph 22 contain Plaintiffs' argumentative

7    characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

8    contain conclusions of law to which no response is required. To the extent a response is

9    required, Defendants deny the allegations set forth in Paragraph 22. Defendants deny that

10   Plaintiffs have standing to bring this case.

11   23. The allegations set forth in Paragraph 23 contain conclusions of law to which no

12   response is required. To the extent a response is required, Defendants deny the allegations set

13   forth in Paragraph 23.

14   24. Defendants admit the allegations set forth in Paragraph 24.

15   25. Defendants admit the allegations set forth in Paragraph 25.

16   26. Defendants admit the allegations set forth in Paragraph 26.

17                        **THE NATIONAL FOREST SYSTEM**

18   27. Defendants admit the allegations set forth in Paragraph 27.

19   28. Defendants admit the allegations set forth in Paragraph 28.

20   29. Defendants admit the allegations set forth in the first sentence of Paragraph 29.

21   Defendants admit that various sensitive, threatened, or endangered species are found on National

22   Forest System ("NFS") lands. Defendants are without knowledge or information sufficient to

23   form a belief as to the truth of the remaining allegations set forth in Paragraph 29.

24   30. Defendants admit that the NFS lands encompass various ecosystems and habitat

25   types, including habitat used by grizzly bears, wolves, wolverines, lynx, elk, and bighorn sheep.

26   The remaining allegations set forth in Paragraph 30 contain Plaintiffs' argumentative

27

1    characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

2    contain conclusions of law to which no response is required.

3        31.  Defendants admit that the headwaters of various rivers are located on NFS lands, and

4    that water from the NFS watersheds are part of drinking water supplies and other uses such as

5    fisheries, domestic, agricultural and industrial.  Defendants admit the allegations set forth in the

6    second sentence of Paragraph 31.  The remaining allegations set forth in Paragraph 31 contain

7    Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal Rule of

8    Civil Procedure 8, and contain conclusions of law to which no response is required.

9                    **THE NATIONAL FOREST MANAGEMENT ACT**

10       32.  Defendants admit that NFMA was enacted by Congress in 1976.  The remaining

11   allegations set forth in Paragraph 32 are conclusions of law to which no response is required.

12       33.  The allegations set forth in Paragraph 33 contain conclusions of law to which no

13   response is required.

14       34.  The allegations set forth in Paragraph 34 contain conclusions of law to which no

15   response is required.

16                          **THE 1982 NFMA RULE**

17       35.  Defendants admit that USDA promulgated NFMA regulations on September 30,

18   1982.  The remaining allegations set forth in Paragraph 35 are conclusions of law to which no

19   response is required.  Defendants aver that the first NFMA planning regulations were

20   promulgated in 1979.

21       36.  In response to the first sentence of Paragraph 36, Defendants admit that in

22   connection with preparation of the 1982 rule, individuals who had been members of the

23   Committee of Scientists for the first, 1979 NFMA rule, were asked for recommendations, and

24   expressed their recommendations as a panel of individual consultants.  Defendants also admit

25   that the panel of consultants attended a public meeting.  Defendants deny the remaining

26   allegations of the first sentence of Paragraph 36.  Defendants admit that the Committee of

27

1    Scientists convened for the 1979 NFMA rule made recommendations to the Forest Service

2    regarding the promulgation of the 1979 NFMA rule.  The remaining allegations set forth in

3    Paragraph 36 contain Plaintiffs' characterizations of the recommendations of the Committee of

4    Scientists, which speak for themselves and are the best evidence of their contents, and contain

5    conclusions of law to which no response is required.

6         37.  The allegations set forth in Paragraph 37 contain conclusions of law to which no

7    response is required.

8         38.  The allegations set forth in Paragraph 38 contain Plaintiffs' argumentative

9    characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

10   contain conclusions of law to which no response is required.

11        39.  The allegations set forth in Paragraph 39 contain Plaintiffs' argumentative

12   characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

13   contain conclusions of law to which no response is required.

14        40.  The allegations set forth in Paragraph 40 contain conclusions of law to which no

15   response is required.

16        41.  The allegations set forth in Paragraph 41 contain Plaintiffs' argumentative

17   characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

18   contain conclusions of law to which no response is required.  The allegations set forth in

19   Paragraph 41 also contain Plaintiffs' characterization of the cited court opinions, which speak for

20   themselves and are the best evidence of their contents.

21        42.  The allegations set forth in Paragraph 42 contain Plaintiffs' argumentative

22   characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

23   contain conclusions of law to which no response is required.

24                                **THE 2000 NFMA RULE**

25        43.  Defendants admit that USDA issued new regulations to implement NFMA in 2000,

26   2005, and 2008.  Defendants admit that in 1997, then-Secretary of Agriculture Dan Glickman

27

1  convened a Committee of Scientists.  Defendants admit the allegations set forth in the third and

2  fourth sentences of Paragraph 43.  Defendants admit that the Forest Service published proposed

3  regulations on October 5, 1999 (64 Fed. Reg. 54,074), and adopted final regulations on

4  November 9, 2000 (65 Fed. Reg. 67,514), and that the recommendations of the committee of

5  scientists were considered.  The remaining allegations set forth in Paragraph 43 contain

6  Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal Rule of

7  Civil Procedure 8, and contain conclusions of law to which no response is required.

8      44.  The allegations set forth in Paragraph 44 contain conclusions of law to which no

9  response is required.

10      45.  The allegations set forth in Paragraph 45 contain conclusions of law to which no

11  response is required.

12      46.  The allegations set forth in Paragraph 46 contain conclusions of law to which no

13  response is required.

14      47.  The allegations set forth in Paragraph 47 contain conclusions of law to which no

15  response is required.

16      48.  The allegations set forth in Paragraph 48 contain conclusions of law to which no

17  response is required.

### THE 2005 NFMA RULE

19      49.  Defendants admit that on May 17, 2001, then-Secretary of Agriculture, Ann

20  Venneman, published an interim final rule (Fed. Reg. 27,552).  Defendants admit that on May

21  20, 2002, the Forest Service published an interim final rule (67 Fed. Reg. 35,431).  Defendants

22  deny the allegations set forth in the sixth sentence of Paragraph 49.  Defendants aver that

23  responsible officials used the authority in the transition provisions of the 2000 NFMA

24  regulations to elect to continue or to initiate plan amendments and plan revisions using the

25  procedures of the 1982 NFMA regulations.  The remaining allegations set forth in Paragraph 49

26  contain Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal

27

1   Rule of Civil Procedure 8, and contain Plaintiffs' characterizations of the cited Federal Register

2   notices, which speak for themselves and are the best evidence of their contents.

3       50.  Defendants admit that the Forest Service published proposed forest planning

4   regulations to implement NFMA on December 6, 2002 (67 Fed. Reg. 72, 770).  Defendants

5   admit that a new Committee of Scientists was not appointed or consulted in connection with the

6   regulations proposed in 2002.  Defendants aver that no such appointment or consultation was

7   required.  The remaining allegations set forth in the first and second sentences of Paragraph 50

8   contain Plaintiffs' characterizations of the proposed regulations, which speak for themselves and

9   are the best evidence of their contents.  Defendants deny the allegations set forth in the third

10  sentence of Paragraph 50 and aver that the Forest Service proposed to categorically exclude

11  promulgation of the regulations proposed in 2002 from further analysis under NEPA.

12      51.  Defendants admit the allegations set forth in the first and second sentences of

13  Paragraph 51.  The allegations set forth in the third and fourth sentences of Paragraph 51 contain

14  Plaintiffs' characterizations of the cited Federal Register notices, which speak for themselves

15  and are the best evidence of their contents.

16      52.  The allegations set forth in Paragraph 52 contain Plaintiffs' argumentative

17  characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

18  conclusions of law to which no response is required.  The allegations set forth in Paragraph 52

19  also contain Plaintiffs' characterizations of the cited Federal Register notices, which speak for

20  themselves and are the best evidence of their contents.

21      53.  The allegations set forth in Paragraph 53 contain Plaintiffs' argumentative

22  characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

23  conclusions of law to which no response is required.

24      54.  The allegations set forth in Paragraph 54 contain Plaintiffs' argumentative

25  characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

26  conclusions of law to which no response is required.  The allegations set forth in Paragraph 54

27

1    also contain Plaintiffs' characterizations of the cited Federal Register notices, which speak for

2    themselves and are the best evidence of their contents.  Defendants deny the allegations set forth

3    in the seventh, eighth, and ninth sentences of Paragraph 54, except to admit that the Forest

4    Service revised its NEPA procedures by adding a categorical exclusion for proposals to develop,

5    amend, or revise land management plans (71 Fed. Reg. 75481).

6        55.  Defendants admit the allegations set forth in the first and second sentences of

7    Paragraph 55.  The allegations set forth in the third sentence of Paragraph 55 contain Plaintiffs'

8    characterization of the opinion in Citizens for Better Forestry v. USDA, 481 F. Supp. 2d 1059

9    (N.D. Cal. 2007), which speaks for itself and is the best evidence of its contents.

10       56.  Defendants admit the allegations set forth in Paragraph 56.

11                                THE 2008 NFMA RULE

12       57.  Defendants admit that the Forest Service published a proposed forest planning rule

13   on August 23, 2007, and that the public comment period for the proposed rule and its draft

14   environmental impact statement ("DEIS") ran until October 22, 2007 (72 Fed. Reg. 48, 514).

15   Defendants also admit that the Forest Service did not convene a new Committee of Scientists or

16   reconvene the previous Committee of Scientists.  Defendants deny that they had an obligation to

17   convene or reconvene a Committee of Scientists.  The remaining allegations set forth in

18   Paragraph 57 contain Plaintiffs' characterization of the DEIS and the cited Federal Register

19   notice, which speak for themselves and are the best evidence of their contents.

20       58.  The allegations set forth in Paragraph 58 contain Plaintiffs' characterization of the

21   DEIS, which speaks for itself and is the best evidence of its contents.

22       59.  The allegations set forth in Paragraph 59 contain Plaintiffs' argumentative

23   characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

24   conclusions of law to which no response is required.  The allegations set forth in Paragraph 59

25   also contain Plaintiffs' characterization of the DEIS, which speaks for itself and is the best

26   evidence of its contents.  To the extent a response is required, Defendants deny the allegations

27

set forth in Paragraph 59.

60.  Defendants admit the allegations set forth in the first sentence of Paragraph 60.  The remaining allegations set forth in Paragraph 60 contain Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and conclusions of law to which no response is required.  The allegations set forth in Paragraph 60 also contain Plaintiffs' characterization of the final EIS ("FEIS") and DEIS, which speak for themselves and are the best evidence of their contents.  To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 60.

61.  The allegations set forth in Paragraph 61 contain Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and conclusions of law to which no response is required.  The allegations set forth in Paragraph 61 also contain Plaintiffs' characterization of the FEIS, which speaks for itself and is the best evidence of its contents.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph 61.

62.  The allegations set forth in Paragraph 62 contain conclusions of law to which no response is required.

63.  The allegations set forth in Paragraph 63 contain Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and conclusions of law to which no response is required.

64.  Defendants admit the allegations set forth in the first sentence of Paragraph 64.  The allegations set forth in the second sentence of Paragraph 64 contain Plaintiffs' characterization of the FEIS, which speaks for itself and is the best evidence of its contents.  In response to the allegations set forth in the third, fifth, sixth, and seventh sentences, Defendants admit that the Biological Assessment is dated January 18, 2008.  Defendants admit that the Biological Assessment was not available on the Forest Service's website until April 11, 2008.  In response to the allegations set forth in the fourth sentence, Defendants admit that on February 20, 2008,

1   Plaintiffs' counsel contacted Department of Justice counsel and that on February 21, 2008,

2   Department of Justice counsel informed Plaintiffs' counsel that the Biological Assessment was

3   not available on the Forest Service's website at that time, but would be available when a decision

4   was made.

5        65.  The allegations set forth in Paragraph 68 contain Plaintiffs' characterization of the

6   Biological Assessment, which speaks for itself and is the best evidence of its contents.  Any

7   allegations contrary to the document's plain language, meaning, and context are denied.  The

8   allegations set forth in Paragraph 68 also contain conclusions of law to which no response is

9   required.

10       66.  Defendants deny the allegations set forth in the first sentence of Paragraph 66 and

11   aver that on April 9, 2008, Mark Rey, Under Secretary, Natural Resources and Environment,

12   USDA, signed the Record of Decision that adopted Alternative M as the final planning rule.

13   Defendants admit the allegations set forth in the second sentence of Paragraph 66.

14       67.  The allegations set forth in Paragraph 67 contain Plaintiffs' argumentative

15   characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and

16   conclusions of law to which no response is required.  To the extent a response is required,

17   Defendants deny the allegations set forth in Paragraph 67.

18                 **FIRST CLAIM FOR RELIEF**

19       68.  Defendants hereby reallege and incorporate their responses to each and every

20   Paragraph above.

21       69.  The allegations set forth in Paragraph 69 contain conclusions of law to which no

22   response is required.

23       70.  The allegations set forth in Paragraph 70 contain conclusions of law to which no

24   response is required.

25       71.  The allegations set forth in Paragraph 71 contain conclusions of law to which no

26   response is required.

27

72. The allegations set forth in Paragraph 72 contain conclusions of law to which no response is required.

73. The allegations set forth in Paragraph 73 contain conclusions of law to which no response is required.

74. The allegations set forth in Paragraph 74 and related sub-paragraphs contain Plaintiffs' argumentative characterizations of fact, which are inconsistent with Federal Rule of Civil Procedure 8, and contain conclusions of law to which no response is required. The allegations set forth in Paragraph 74 are also vague as they reference both the "2008 NFMA Rule" and the "2005 NFMA Rule." To the extent that a response is required, Defendants deny the allegations of Paragraph 74.

75. The allegations set forth in Paragraph 75 contain conclusions of law to which no response is required. To the extent that a response is required, Defendants deny the allegations of Paragraph 75.

76. The allegations set forth in Paragraph 76 contain conclusions of law to which no response is required. The allegations set forth in Paragraph 76 also contain Plaintiffs' characterization of the EIS for the 2008 NFMA regulations, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, Defendants deny the allegations of Paragraph 76.

77. The allegations set forth in Paragraph 77 contain conclusions of law to which no response is required. The allegations set forth in Paragraph 77 also contain Plaintiffs' characterization of the EIS for the 2008 NFMA regulations, which speaks for itself and is the best evidence of its contents. To the extent that a response is required, Defendants deny the allegations of Paragraph 77.

78. The allegations set forth in Paragraph 78 contain conclusions of law to which no response is required. The allegations set forth in Paragraph 78 also contain Plaintiffs' characterization of the EIS for the 2008 NFMA regulations, which speaks for itself and is the

1    best evidence of its contents. To the extent that a response is required, Defendants deny the

2    allegations of Paragraph 78.

3         79.  The allegations set forth in Paragraph 79 contain conclusions of law to which no

4    response is required.  The allegations set forth in Paragraph 79 also contain Plaintiffs'

5    characterization of the EIS for the 2008 NFMA regulations, which speaks for itself and is the

6    best evidence of its contents. To the extent that a response is required, Defendants deny the

7    allegations of Paragraph 79.

8         80.  The allegations set forth in Paragraph 80 contain conclusions of law to which no

9    response is required.  The allegations set forth in Paragraph 80 also contain Plaintiffs'

10   characterization of the Record of Decision for the 2008 NFMA regulations, which speaks for

11   itself and is the best evidence of its contents. To the extent that a response is required,

12   Defendants deny the allegations of Paragraph 80.

13                              **SECOND CLAIM FOR RELIEF**

14        81.  Defendants hereby reallege and incorporate their responses to each and every

15   Paragraph above.

16        82.  The allegations set forth in Paragraph 82 contain conclusions of law to which no

17   response is required.

18        83.  The allegations set forth in Paragraph 83 contain conclusions of law to which no

19   response is required.

20        84.  The allegations set forth in Paragraph 84 contain conclusions of law to which no

21   response is required.

22        85.  The allegations set forth in Paragraph 85 contain conclusions of law to which no

23   response is required.  To the extent that a response is required, Defendants deny the allegations

24   of Paragraph 85.

25        86.  The allegations set forth in Paragraph 86 contain conclusions of law to which no

26   response is required.  To the extent that a response is required, Defendants deny the allegations

27

1   of Paragraph 86.

2      87. The allegations set forth in Paragraph 87 contain conclusions of law to which no

3   response is required. To the extent that a response is required, Defendants deny the allegations

4   of Paragraph 87.

5      88. The allegations set forth in Paragraph 88 contain conclusions of law to which no

6   response is required. To the extent that a response is required, Defendants deny the allegations

7   of Paragraph 88.

8      89. The allegations set forth in Paragraph 89 contain conclusions of law to which no

9   response is required. To the extent that a response is required, Defendants deny the allegations

10   of Paragraph 89.

11      90. The allegations set forth in Paragraph 90 contain conclusions of law to which no

12   response is required. To the extent that a response is required, Defendants deny the allegations

13   of Paragraph 90.

14   **REQUEST FOR RELIEF**

15      The allegations in the remainder of Plaintiffs' Complaint constitute Plaintiffs' prayer for

16   relief, to which no response is required. To the extent a response is required, Defendants deny

17   that Plaintiffs are entitled to the relief they request or to any relief whatsoever.

18      Defendants hereby deny each and every allegation in Plaintiffs' Complaint not previously

19   admitted or otherwise responded to in this Answer.

20   **AFFIRMATIVE DEFENSES**

21      1. The Court lacks jurisdiction over Plaintiffs' claims.

22      2. Some or all of Plaintiffs' claims are not ripe for judicial review.

23      WHEREFORE, Defendants respectfully request that this Court deny Plaintiffs all relief

24   requested, dismiss the Complaint with prejudice, and grant Defendants such other relief as the

25   Court deems appropriate.

26   Respectfully submitted this 14th day of July 2008.

27

1                       RONALD J. TENPAS
Assistant Attorney General

2                       Environment and Natural Resources Division

3                       /s/ Rachel A. Dougan
RACHEL A. DOUGAN (DC Bar 485507)

4                       S. JAY GOVINDAN
Environment and Natural Resources Division

5                       United States Department of Justice
Benjamin Franklin Station, P.O. Box 663

6                       Washington, D.C.  20044-0663
Telephone: (202) 616-5082

7                       Facsimile: (202) 305-0506
Rachel.Dougan@usdoj.gov

8                       Jay.Govindan@usdoj.gov

9    Of Counsel:

10   Kathryn Toffenetti
Office of the General Counsel, United States Department of Agriculture

11   Washington, D.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on July 14, 2008, I served a true and correct copy of Defendants'

Answer to Plaintiffs' Complaint for Declaratory and Injunctive Relief by CM/ECF upon the

following attorneys of record:

Trent William Orr
Earthjustice
torr@earthjustice.org

Gregory C. Loarie
Earthjustice
gloarie@earthjustice.org

Sierra B. Weaver
Defenders of Wildlife
sweaver@defenders.org

Timothy J. Preso
Earthjustice
tpreso@earthjustice.org

s/Rachel A. Dougan
Rachel A. Dougan
Counsel for Defendants

Case No. 08-cv-2326-CW
Defs.' Ans. to Pls.' Am. Compl.          17